■ MICHAEL W. WELCH, Appellant, v. AMERICAN EMPLOYERS INSURANCE COMPANY et al., Respondents, et al., Defendants.— AULISI, J. Appeal by the plaintiff from an order of the Supreme Court at Special Term, Ulster County, entered on October 22, 1965 denying as to the defendant, Glens Falls Insurance Company, hereinafter Glens Falls, and granting in part and denying in part as to defendant, American Employers Insurance Company, hereinafter American, plaintiff's motion for compulsory disclosure. Plaintiff has instituted suits against 11 defendant fire insurance companies under policies issued by them upon premises owned by plaintiff and totally destroyed by fire February 7, 1964. Answers have been interposed by defendants setting up affirmative defenses of fraud, false swearing, willful concealment and misrepresentation by the plaintiff. By notices dated July 9, 1965 plaintiff moved pursuant to article 31 of the CPLR to orally examine the defendant, American, by James Knauff, an officer or employee of its agent, Knauff Bros., Inc., and defendant Glens Falls by David J. Carpenter, its fire rating engineer. Both notices stated "That the said person to be examined is required to produce at such examination the following: All books, papers, records, memoranda, reports and correspondence relating directly or indirectly to Michael Welch, River Restaurant, Inc., Guild Management, Inc., Institutional Securities Corp., and/or to insured premises sometimes known as Harbour Lights, Route 9-W, Marlboro, New York, and relating directly or indirectly to the fire insurance on said premises, and to any loss in respect thereof, all for the period January 1, 1961 to the date hereof." Carpenter was examined and produced such records of Glens Falls, as he had in his possession, relating to the claim. Mr. Knauff is under court order to appear and be examined and to produce upon such examination the books and papers in his possession relative to the subject matter of the examination. Plaintiff contends that since each notice calls for the examination of a corporate party the person to be examined must produce all relevant records of their corporate defendant. We do not agree and upon the circumstances here it is our opinion that the order of the trial court should be affirmed. Although article 31 of the CPLR is intended to encourage full disclosure and is subject to a liberal interpretation (see our opinion in the companion case of *Welch* v. *Globe Ind. Ins. Co.*, 25 A D 2d 70), we feel that the adoption of plaintiff's theory would be unjust and not in furtherance of the intention of the afore-mentioned article. Plaintiff specifically requested certain individuals to appear for oral examination and "*That the said person*" produce all books, records, etc. (emphasis added). Both of the

individuals obviously have little or no knowledge of the voluminous books and records of corporate defendants. The plaintiff can examine the corporate defendants through an officer or agent with knowledge of the requested material but cannot specify an individual with limited knowledge for examination and then contend that he must produce any and all corporate records. Plaintiff's argument that he is examining a party instead of a witness is specious and it is our opinion that CPLR 3111 even though liberally interpreted has no such intention. In addition to examining the corporate defendants through another individual, plaintiff has the rights granted by the discovery procedure of CPLR 3120. The resolution of any conflicts concerning which individual is a proper person through whom a corporate party can be examined and which books, records and other materials of the corporation are relevant and material to the action and therefore subject to discovery and inspection are best left to be decided upon the facts and circumstances in each case. Order affirmed, with costs to respondents. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.